PEOPLE ex rel. DAVIS v. NEW YORK MAGDALEN BENEV. SOCIETY.

(Supreme Court, Special Term, New York County. Dec. 8, 1911.)

PROSTITUTION (§ 6*)—PUNISHMENT—STATUTORY PROVISIONS—REPEAL.

Laws 1886, c. 353, authorizing the commission to reformatory institutions of any female over the age of 12 years found in a house of prostitution, in the company of thieves or prostitutes, associating with vicious and dissolute persons, who is willfully disobedient to parents or guardians, and in danger of becoming morally depraved, or who is a prostitute or of intemperate habits and professes a desire to reform, is not inconsistent with, or repugnant to, and was not impliedly repealed by, Laws of 1910, c. 659, § 88, relative to the punishment of persons convicted in the city of New York of public intoxication, disorderly conduct, or vagrancy.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 6; Dec. Dig. § 6.*]

Habeas corpus by the People, on the relation of Rose Davis, against the New York Magdelen Benevolent Society. Writ dismissed, and relator remanded.

Abraham H. Sarasohn, of New York City, for plaintiff.

Chas. S. Whitman (Stanley L. Richter, of counsel), for defendant.

SEABURY, J. I think that it is clear that the relator was convicted under chapter 353 of the Laws of 1886 and the acts amendatory thereof. Under that statute, the magistrate had the power to impose the sentence upon the relator against which she now complains. That statutory provision is not repugnant to the provision contained in chapter 659 of the Laws of 1910. It is certain that the latter statute does not in terms expressly repeal the former, and as the two are not inconsistent or repugnant I think there has been no repeal by implication.

It follows that the writ should be dismissed and the relator remanded.